## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

REGINA CARUSO and FRANCO CARUSO,

        Plaintiffs,

        v.

BJ'S WHOLESALE CLUB AND/OR BJ'S WHOLESALE CLUB HOLDINGS, INC., ABC CO. (1-3 fictitiously named), JOHN DOE (1-3 fictitiously named), MARY ROE 1-3 fictitiously named),

        Defendants.

Case No. 25-cv-19049

**OPINION & ORDER**

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Plaintiffs Regina and Franco Caruso's ("Plaintiffs") Motion to Remand (the "Motion"), ECF No. 6, which the Court decides without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the Motion is **DENIED**.

### I.    BACKGROUND

On October 30, 2025, Plaintiffs filed this personal injury action against BJ's Wholesale Club, Inc. ("BJ's" or "Defendant"),[1] and its fictitiously named "agents, servants, and employees," in the Superior Court of New Jersey, Passaic County. *Id.* Plaintiffs allege that, on or about November 8, 2023, Regina Caruso suffered injuries stemming from a slip and fall that occurred while she was shopping at Defendant's Paramus, New Jersey location. *Id.* Perhaps in accordance with state-law standards, Plaintiffs' Complaint does not allege a specific amount in controversy. *See* N.J. Ct. R. 4:5-2 ("If unliquidated money damages are claimed in any court . . . the pleading shall demand damages generally without specifying the amount").

The parties unsuccessfully attempted to mediate their dispute prior to Plaintiffs' state court filing. Pls.' Mot. ¶ 3, ECF No. 6-1. Plaintiffs represent that, during the October 6, 2025 mediation, they communicated a demand of $600,000, which Defendant rejected. *Id.* ¶¶ 4-5. Plaintiffs do not indicate whether this communication was reduced to writing, but Defendant adds that Plaintiffs reiterated their demand in an email dated December 11, 2025—forty-two days after Plaintiffs filed the Complaint. Def.'s Notice of Removal ¶¶ 6-7, Exs. B, C. Then, on December 30, 2025, Defendant filed its Notice of Removal. Plaintiffs timely moved to remand the matter back to state court. *See* 28 U.S.C. § 1447(c).

### II.    LEGAL STANDARD

Generally, defendants may remove from state court any civil action over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Courts must order remand, however, if removal was procedurally defective or it lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1447(c). Removal is procedurally defective if it is untimely. *See Entrekin v. Fisher Sci.*

---

[1] Defendant was improperly pled as "BJ's Wholesale Club." *See* Def.'s Notice of Removal Ex. A, ECF No. 1-4.

*Inc.*, 146 F. Supp. 2d 594, 604 (D.N.J. 2001). Questions of timeliness are dictated by "either the four corners of the initial complaint or documents a defendant receives, and not by what the defendant subjectively knew or the documents in its possession." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 241 (3d Cir. 2022). The removing party bears the burden of showing that, at all stages of the litigation, jurisdiction exists. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). When a party seeking removal asserts diversity jurisdiction, courts determine the amount in controversy from the face of the complaint. *Indep. Mach. Co. v. Int'l Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 691 (D.N.J. 1998). Removal statues are strictly construed against removal and all doubts should be resolved in favor of remand. *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

## III.   DISCUSSION

The parties do not dispute that diversity jurisdiction exists: they are citizens of different states, and the amount in controversy exceeds $75,000. Def.'s Notice of Removal ¶¶ 1-2, 10; *see* Pls.' Mot. Plaintiffs' sole basis for remand is that Defendant's notice of removal was filed after the deadline prescribed in 28 U.S.C. § 1446(b)(1). Pls.' Mot. 5. Defendant counters that 28 U.S.C. § 1446(b)(3)'s deadline applies, and removal was timely thereunder. Def.'s Opp'n 4.

### a.   Section 1446(b)(1)

Section 1446(b)(1) provides that a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). The Court has reviewed the Complaint and concludes that it did not give BJ's notice of removability. As described above, the Complaint does not contain a specific damages demand. *See* N.J. Ct. R. 4:5-2. Nor does it otherwise indicate that Plaintiffs' claims satisfy the monetary threshold for federal diversity jurisdiction. *See Entrekin*, 146 F. Supp. at 607. Because the amount in controversy is not apparent from the face of the Complaint, the thirty-day clock for removal under Section 1446(b)(1) never began to run. *See McLaren*, 32 F.4th at 238. Thus, removal was not untimely under Section 1446(b)(1). Therefore, whether Defendant timely removed this action hinges on (1) when Defendant could first ascertain removability; and (2) whether it removed this action within 30 days of that date.

### b.   Section 1446(b)(3)

Plaintiffs seem to argue that their October 6 pre-suit communication demanding $600,000 started Section 1446(b)(3)'s clock, and because Defendant did not remove within 30 days of that pre-suit communication, removal is untimely. Pls.' Mot. 5. Section 1446(b)(3) states:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of **an amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added). "Subsection (b)(3) is an exception to (b)(1), in that it only applies if the initial pleading did not give defendant notice of removability." *McLaren*, 32 F.4th at 236 (citation modified).

Plaintiffs' communication during settlement discussions is not an amended pleading, motion, or order. Whether it falls within the "other paper" category is less straightforward. While the Third Circuit has not defined the term, district courts have broadly construed "other paper" to

encompass "requests for admission, correspondence between counsel, and answers to interrogatories." *Bycko v. State Farm Mut. Auto. Ins. Co.*, No. 25-cv-1103, 2025 WL 1453655, at *5 (D.N.J. May 21, 2025) (quoting *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 477 (E.D. Pa. 2013). It has not, however, been read to include pre-suit demands. *Rosenfield v. Forest City Enters., L.P.*, 300 F. Supp. 3d 674, 679 (E.D. Pa. 2018) (collecting cases); *Sultan v. AIG Cas. Ins.*, No. 20-cv-935, 2020 WL 4584174, at *3 (E.D. Pa. Aug. 10, 2020) ("[T]he term 'other paper' should be understood to refer to documents that follow the initiation of the lawsuit"). Nor does it include purely oral communications. *See Entrekin*, 146 F. Supp. 2d at 612. Accordingly, Plaintiffs' pre-suit communication could not have triggered Section 1446(b)(3)'s thirty-day deadline for removal.

Plaintiffs' December 11 email, conversely, qualifies as an "other paper" under Section 1446(b)(3). *Rosenfield*, 300 F. Supp. 3d at 679 (recognizing that post-filing correspondence between parties can fall under the meaning of "other paper"). So long as Defendant filed its notice of removal within thirty days of receipt, removal was timely. The Notice of Removal was filed on December 30—nineteen days later— and therefore is timely under Section 1446(b)(3). For this reason, and because Defendant has met its burden of proving that subject matter jurisdiction exists under 28 U.S.C. § 1332, Defendant timely and properly removed the case at bar.

## IV.    CONCLUSION

For the foregoing reasons, the Motion is **DENIED**. Accordingly, it is, on this 25 day of March 2026, hereby

**ORDERED** that Plaintiffs' Motion is **DENIED**.

WILLIAM J. MARTINI, U.S.D.J.

3